## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL PENNY,              :
                               :
              Plaintiff,      :     Civil Action No.:     08-1467 (RMU)
                               :
              v.              :     Re Document No.:    15
                               :
U.S. DEPARTMENT OF JUSTICE,   :
                               :
             Defendant.     :

### MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the plaintiff challenges the FBI's responses to his requests for records pertaining to himself, other individuals and real property. The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions and the entire record, the court grants the defendant's motion.

## II. BACKGROUND

In September 2006, the plaintiff requested from FBI Headquarters records pertaining to himself, an individual named Tammie Brown and certain property located at 4901 West Congress, Chicago, Illinois. Def.'s Mot., Decl. of David M. Hardy ("Hardy Decl.") ¶ 7 & Ex. A. By letter dated February 26, 2007, the FBI informed the plaintiff that an automated search of the FBI Headquarters' central records system located no responsive records and advised him of his right to appeal to the Office of Information and Privacy ("OIP"). *Id.*, Ex. E. In response to the

plaintiff's administrative appeal, the OIP, by letter dated June 28, 2007, affirmed the

Headquarters' determination but also informed the plaintiff that he could send a FOIA request

directly to the FBI field office that he believed may have responsive records. *Id.*, Ex. H. It

further advised the plaintiff that absent Brown's "consent, proof of death, official

acknowledgment of an investigation, or an overriding public interest, confirming or denying the

existence of law enforcement records concerning an individual could reasonably be expected to

constitute an unwarranted invasion of personal privacy." *Id.* (citing 5 U.S.C. § 552(b)(7)(C)).

In November 2007, the plaintiff submitted substantially the same request to the FBI's

Chicago Field Office. *Id.*, Ex. I. By letter dated January 17, 2008, FBI Headquarters returned the

plaintiff's request for third-party records and enclosed "a Privacy Waiver and Certification of

Identity form," advising the plaintiff that Brown would be required to complete and sign the

waiver "before an accurate search of [] records [could] be conducted." *Id.*, Ex. O. By letter

dated March 10, 2008, after the plaintiff had provided Brown's privacy waiver, the FBI informed

the plaintiff that it had located no responsive records in the Chicago Field Office. *Id.*, Ex. W.

The plaintiff unsuccessfully appealed the FBI's response to OIP. *Id.*, Ex. X, BB, CC.

In February 2008, the plaintiff submitted additional privacy waivers from his father,

Jonathan Penny, his mother, Clara Penny, and Rodney Williams. Hardy Decl. ¶¶ 29-46. The FBI

understood these waivers to constitute additional requests for information, supplementing the

plaintiff's request to the Chicago Field Office. *Id.* By letter dated June 10, 2008, the FBI

informed the plaintiff that it had identified records potentially responsive to his request but that

its efforts to retrieve the records were unsuccessful. *Id.*, Ex. R. It therefore closed the plaintiff's

request and advised him of his right to appeal to OIP. *Id.* In response to the plaintiff's

2

administrative appeal, the OIP, by letter of August 15, 2008, affirmed the FBI's determination, concluding that "the FBI conducted an adequate, reasonable search for [responsive] records[,] [but could not] find the record that might be responsive to [the plaintiff's] request." *Id*., Ex. T.

The plaintiff commenced the instant action on August 25, 2008, alleging that the defendant's efforts to locate records responsive to his requests were inadequate. *See generally* Compl. The defendant filed the instant motion on January 9, 2009. In its motion, the defendant represents that after the plaintiff commenced this action, "the FBI located the potentially responsive file in question" but determined that the file is not responsive because it "concerns another individual, not plaintiff." Hardy Decl. at 9 n.2.

## III.  ANALYSIS

### A.  Legal Standard for a Motion for Summary Judgment in a FOIA Dispute

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S.

at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla

of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary

judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence

of evidence proffered by the nonmoving party, a moving party may succeed on summary

judgment.  *Id.*  In addition, the nonmoving party may not rely solely on allegations or conclusory

statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150,

154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable

a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the evidence "is merely

colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477

U.S. at 249-50 (internal citations omitted).

 The FOIA mandates full public disclosure of agency records unless the requested records

"fall squarely" within one or more of the nine statutory exemptions.  *Wash. Post Co. v. U.S.*

*Dep't of Agric.*, 943 F. Supp. 31, 33 (D.D.C. 1996) (*quoting Burka v. U.S. Dep't of Health &*

*Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)).  The court may award summary judgment

solely on the information provided in affidavits or declarations that describe "the justifications

for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*,

656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir.

1973), *cert. denied*, 415 U.S. 977 (1974).  When, as here, responsive records are not located, an

agency is entitled to summary judgment if it establishes "beyond material doubt [] that it

conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S.*

*Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the

agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory

and . . . submitted in good faith." *Id.* (citations and quotations omitted).  The required level of

detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files

likely to contain responsive materials (if such records exist) were searched . . . ." *Oglesby v.*

*Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast*

*Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  "If the requester produces countervailing evidence

placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary

judgment is inappropriate." *Spannaus v. Cent. Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C.

1993) (*citing Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).

In determining the adequacy of a FOIA search, the court is guided by principles of

reasonableness.  *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  An

agency is required to produce only those records in its custody and control at the time of the

FOIA request.  *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

### B.  The Defendant Performed an Adequate Search for Responsive Records

The defendant contends that summary judgment should be granted in its favor because

the evidence overwhelmingly demonstrates that it conducted a reasonable search of its records in

response to the plaintiff's request.  *See generally* Def.'s Mot.  The plaintiff responds that there

exists an issue of fact as to the reasonableness of the defendant's efforts.  *See generally* Pl.'s

Opp'n.  Specifically, the plaintiff suggests, without elaboration, that it was error for FBI

Headquarters, rather than the Chicago Field Office, to "process" the search conducted in

response to the request submitted to the Chicago Field Office. *Id.* at 10-11. The plaintiff also contends that the term "Warrant of Seizure & Monition No. 89 C 2736" was improperly excluded from the search terms. Pl.'s Opp'n, Decl. ¶ 41.

To demonstrate the reasonableness of its search efforts, the defendant proffers the declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section of the FBI's Records Management Division. Hardy Decl. ¶ 1. Hardy supervises "approximately 204 employees . . . whose collective mission is to effectively plan, develop, direct, and manage" FOIA and Privacy Act ("PA") requests to the FBI. *Id.* ¶ 2. Hardy states that he is "aware of the FBI's treatment of plaintiff's two FOIA/PA requests for documents concerning himself and property located at 4901 West Congress, Chicago, Illinois . . . and the related privacy waivers of Tammie Brown, Jonathan Penny, Clara Penny, and Rodney Williams." *Id.* ¶ 3. Hardy's statements are based on his "personal knowledge, upon information provided to [him] in [his] official capacity, and upon conclusions and determinations reached and made in accordance therewith." *Id.* ¶ 2. He therefore is competent to testify about the issues at hand. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit") (citation omitted); *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (noting that "[a] declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in his declaration, he attests to his personal knowledge of the procedures used in handling a FOIA request and his familiarity with the documents in question") (citations and internal quotation marks and brackets omitted).

As Hardy states, the defendant initially searched the main and cross-referenced files of its Central Records System by the address of the subject property, the names Michael Penny,

Tammie Brown, Jonathan Penny, Clara Penny, Rodney Williams (and variants thereof), and those individuals' dates of birth and social security numbers.  Hardy Decl. ¶¶ 53-60.  It also identified potential cross-references[1] for Jonathan Penny and Rodney Williams, but a "hand search of the appropriate shelves at the [Chicago Field Office] and the Alexandria Records Center" failed to locate any records.  *Id*. ¶¶ 58, 60.  In response to the plaintiff's counter-argument that the defendant should have searched the terms "Warrant of Seizure & Monition No. 89 C 2736," Pl.'s Opp'n, Decl. ¶ 41, Hardy notes that the defendant expanded its initial search to include the aforementioned terms, as well as terms encompassing other warrants and variants thereof.  *See* Def.'s Reply, Second Decl. of David M. Hardy ("Second Hardy Decl.") ¶¶ 7-9.

Based on the detailed descriptions of the filing systems searched and the search methods employed, *see* Hardy Decl. ¶¶ 47-60; Second Hardy Decl. ¶¶ 7-9, the court determines that the defendant's combined searches were reasonably calculated to retrieve all responsive records and, thus, adequate, *see McCready v. Nicholson*, 465 F.3d 1, 14 (D.C. Cir. 2006) (holding that the district court properly granted summary judgment to the agency because the affidavit submitted by the agency set forth the search terms and type of search performed and established that no responsive records were recovered within the files likely to contain responsive materials).  Because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003), "the fact that a particular document was not

---

[1] Whereas a main entry or file "carries the name corresponding with a subject of a file," a cross-reference "is generally [] a mere mention or reference to an individual . . . or [] subject matter, contained in a document located in another 'main' file on a different subject matter."  Hardy Decl. ¶ 49.

found does not [in itself] demonstrate the inadequacy of a search,"[2] *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007).  Accordingly, because the defendant has established beyond material doubt that its search was reasonably calculated to uncover all relevant documents, the court grants the defendant's motion for summary judgment.  *See Valencia-Lucena*, 180 F.3d at 326.


## IV.    CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of August, 2009.


RICARDO M. URBINA
United States District Judge

---

[2]    Although the plaintiff also takes issue with the alleged untimeliness of the defendant's response, Pl.'s Opp'n at 2-3, "initial delays in responding to a FOIA request are rarely, if ever, grounds for discrediting later affidavits by the agency" demonstrating its compliance with the FOIA. *Iturralde v. Comptroller of Currency,* 315 F.3d 311, 315 (D.C. Cir. 2003); *see Perry v. Block*, 684 F.2d 121, 125  (D.C. Cir. 1982) (noting that "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *accord Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) (observing that "because the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citation omitted).  Hence, the timing of the defendant's response is of no moment.